1  Jennifer A. Kearns (SBN 125588)
2  **DUANE MORRIS LLP**
3  750 B Street, Suite 2900
   San Diego, CA 92101-4681
4  Telephone: 619.744.2200
5  E-mail:  jkearns@duanemorris.com

6  Attorney for Defendants Walmart, Inc. and
7  Wal-Mart Associates, Inc.

8          **UNITED STATES DISTRICT COURT**
9          **EASTERN DISTRICT OF CALIFORNIA**
10

11
12  GEORGE SOUSA, on behalf of         Case No.: 1:20-CV-00500-DAD-EPG
    himself and the Class Members,
13                                     **DEFENDANT WALMART, INC.
                   Plaintiffs,         AND WAL-MART ASSOCIATES,
14                                     INC.'S ANSWER TO PLAINTIFFS'
                                       CLASS ACTION COMPLAINT**
15       v.
16                                     District Judge: Hon. Dale Drozd
    WALMART, INC. and WAL-             Courtroom: 5, 7th Floor
17  MART ASSOCIATES, INC.,
18                                     Complaint Filed: April 7, 2020
                   Defendants.
19

20
21
22
23
24
25
26
27
28

1  Defendants   Walmart,   Inc.   and   Wal-Mart   Associates,   Inc.
2  (collectively, "Walmart") answer the Plaintiff George Sousa's Complaint as
3  follows:

## INTRODUCTION

1.  Plaintiff George Sousa, individually and on behalf of all others similarly situated, brings this class action against Defendants Walmart Inc. and Wal-Mart Associates, Inc. ("Defendants" or "Wal-Mart") on behalf of individuals who have worked for Wal-Mart as nonexempt hourly employees and have been subject to Defendants' security-check policies and practices. Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for all hours worked, including overtime, have been forced to wait in security-check lines while off-the-clock and have been denied statutorily-required rest periods. This case implicates Defendants' longstanding policies and practices, which fails to properly compensate non-exempt employees for rest periods and for work performed while "off-the-clock."

**ANSWER:**

Walmart admits that Plaintiff is currently a nonexempt hourly employee.  Except as expressly admitted, Walmart denies the allegations in paragraph 1.

2.  Wal-Mart's conduct violates California law by knowingly and willfully requiring Plaintiff and Class members to perform work and/or remain on duty for the benefit of Defendants while off-the-clock. Plaintiff and Class members bring these claims to challenge Defendants' policies and practices of: (1) failing to pay Plaintiff and Class members all minimum wages owed; (2) failing to pay Plaintiff and Class members overtime wages; (3) failing to compensate Plaintiff and Class members for all hours worked; (4) failing to authorize and permit Plaintiff and Class

members to take rest breaks to which they are entitled by law; and (5) failing to provide Plaintiff and Class members accurate, itemized wage statements.

**ANSWER:**

Walmart denies the allegations in paragraph 2.

3.     Plaintiff files this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of himself and Class members under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants have integrated into its time tracking, payroll, and security policies across their stores throughout California that have deprived Plaintiff and Class members of their lawfully-earned wages.

**ANSWER:**

The allegations in paragraph 3 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegation in paragraph 3.

## SUBJECT MATTER JURISDICTION AND VENUE

4.     This court has federal question jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and Defendant are citizens of different states. Moreover, the number of proposed class members in California is believed to exceed 100.

**ANSWER:**

Walmart admits that this Court has jurisdiction over the case under the Class Action Fairness Act, and admits that it is a Delaware corporation with its principal place of business in Arkansas.  Walmart is without

1    knowledge or information sufficient to form a belief as to the truth of the

2    allegations regarding the amount in controversy or as to Plaintiff's

3    citizenship, and therefore denies those allegations.  Except as expressly

4    admitted, Walmart denies the allegations in paragraph 4.

5        5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §

6    1391. Defendant employs numerous workers in this district, including

7    Plaintiff, and a substantial part of the events giving rise to Plaintiff's

8    claims occurred within this judicial district.

9        **ANSWER:**

10   Walmart admits that venue is proper in the United States District

11   Court for the Eastern District of California. Except as expressly admitted,

12   Walmart denies the allegations in paragraph 5.

13                                **PARTIES**

14       6.      Plaintiff George Sousa is an individual over the age of eighteen,

15   and at all times relevant to this Complaint was a resident of Kings County,

16   California. Plaintiff has been employed as a non-exempt employee by

17   Defendants at the Wal-Mart store in Hanford, California from 2014 to the

18   October 2017. After October 2017, Plaintiff was promoted to assistant

19   manager and is still employed under that title.

20       **ANSWER:**

21   Walmart admits Plaintiff has worked for Walmart as a nonexempt,

22   hourly employee since 2014, and that Plaintiff is currently an assistant

23   manager at Walmart's Hanford, California store.  Walmart is without

24   sufficient knowledge or information to form a belief as to the accuracy of

25   Plaintiff's alleged age and residency and therefore denies those allegations.

26   Except as expressly admitted, Walmart denies all allegations in paragraph

27   6.

28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

CASE NO.: 1:20-CV-00500-DAD-EPG

7.   The Class members are all people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to associates, cashiers, stockers, attendants, pharmacists, custodians, security guards, and other hourly and non-exempt employees throughout the State of California within the four years preceding the filing of this Complaint.

**ANSWER:**

Paragraph 7 includes Plaintiff's proposed class and sub-class definitions, which are not subject to admission or denial.  To the extent a response is required, Walmart denies the allegations in this paragraph.

8.   The Night Shift Manager Subclass are all people who are or who have been employed by Defendants as hourly, non-exempt overnight support managers and/or night managers, or other positions with similar job duties, throughout the State of California within the four years preceding the filing of this Complaint.

**ANSWER:**

Paragraph 8 includes Plaintiff's proposed class and sub-class definitions, which are not subject to admission or denial.  To the extent a response is required, Walmart denies same.

9.   Plaintiff is informed, believes, and thereon alleges that Defendant Walmart Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas, and is registered to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

**ANSWER:**

Walmart admits the allegations in paragraph 9.

10.    Plaintiff is informed, believes, and thereon alleges that Defendant Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

**ANSWER:**

Walmart admits the allegations in paragraph 10.

11.    Plaintiff is informed, believes, and thereon alleges that, in California, Defendants operate retail stores throughout the state doing business as Wal-Mart Discount Stores, Wal-Mart Supercenters, and Sam's Club. Wal-Mart currently operates over 212 Wal-Mart stores and Sam's Club locations in California. Plaintiff is informed, believes, and thereon alleges that Defendant employs Class members, among other hourly employees, throughout California.

**ANSWER:**

Walmart admits operating retail stores in California doing business as Walmart Discount Stores, Walmart Supercenters, and Sam's Club. Except as expressly admitted, Walmart denies the allegations in paragraph 11.

12.    Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**ANSWER:**

Walmart admits the allegations in paragraph 12.

5

13.    Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercised control over Plaintiff and Class members with respect to their employment.

**ANSWER:**

Walmart admits the allegations in paragraph 13.

14.    As employers of Plaintiff and Class members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating the Labor Code with respect to the employment of Plaintiff and Class members.

**ANSWER:**

The allegations in paragraph 14 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

15.    At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this County, and have employed Class members in this County and elsewhere throughout California. Defendants are a "person" as defined in Labor Code § 18 and "employer" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions.

**ANSWER:**

Walmart admits having places of business in California, including a store in Kings County, California. Walmart is without sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning Class member employment and residency and therefore denies those allegations. The allegations in paragraph 15 contain legal conclusions that are not subject to admission or denial; except as admitted above and to the extent a response is required, Walmart denies the allegations in paragraph 15.

1   16.   At all material times, Defendants have done business under the
2   laws of California, have places of business in the State of California,
3   including in this judicial district, and have employed Class members in this
4   judicial district. Defendants are a "person" as defined in California Labor
5   Code § 18 and California Business and Professions Code § 17201.
6   Defendants are also "employers" as that term is used in the California
7   Labor Code and the IWC Wage Orders.

8   **ANSWER:**

9   Walmart admits having places of business in California, including a
10  store in Hanford, California, located within the United States District
11  Court for the Eastern District of California. Walmart is without sufficient
12  knowledge or information to form a belief as to Plaintiff's allegations
13  concerning Class member employment and therefore denies those
14  allegations. The allegations in paragraph 16 contain legal conclusions that
15  are not subject to admission or denial; except as expressly admitted above,
16  Walmart denies the allegations in this paragraph.

17  **FACTUAL ALLEGATIONS**

18  17.   Defendants operate a chain of retail stores throughout the
19  United States and California, including the Wal-Mart Supercenter in
20  Hanford, California. Defendants employ thousands of hourly non-exempt
21  workers similarly situated to Plaintiff across these facilities.

22  **ANSWER:**

23  Walmart admits having places of business throughout California and
24  the United States, including a Supercenter in Hanford, California.
25  Walmart admits employing thousands of hourly non-exempt workers.
26  Except as expressly admitted, Walmart denies the allegations in
27  paragraph 17.

28

1       18.   Plaintiff worked at the Hanford Wal-Mart store as a non-
2   exempt employee in various positions, including Associate, Overnight
3   Support Manager, and other titles, from 2014 through October 2017.
4   During that time, Plaintiff was paid at an hourly rate of $15 and regularly
5   worked in excess of 40 hours per week. Plaintiff regularly worked more
6   than 40 hours per week during the retail "busy season," leading up to
7   December 25th. After October 2017, Plaintiff was promoted to assistant
8   manager, and retains that title to the present day.

9       **ANSWER:**

10      Walmart admits Plaintiff has worked for Walmart as a nonexempt,
11  hourly employee in various positions since 2014, and that Plaintiff is
12  currently an assistant manager at Walmart's Hanford, California store.
13  Except as expressly admitted, Walmart denies the allegations in
14  paragraph 18.

15      19.   As a matter of course, Defendants routinely make Plaintiff and
16  Class members wait in security-check lines at the end of their shift after
17  they have already clocked out and are off-the-clock. Plaintiff and Class
18  members are required to wait on average 5-to-10 minutes, and sometimes
19  even longer. This time spent waiting in the security check lines is
20  compensable, but nevertheless goes unpaid.

21      **ANSWER:**

22      Walmart denies the allegations in paragraph 19.

23      20.   From approximately June 2016 to March 2017, Plaintiff was a
24  non-exempt, hourly-paid overnight support manager ("night manager") at
25  the Wal-Mart store in Hanford, California. Upon information and belief,
26  Wal-Mart and Sam's Club stores utilize a proprietary and common and
27  universal timekeeping system throughout all of their stores that hourly
28  workers use to clock in and clock out. When non-exempt, hourly-paid night

shift managers take their unpaid 30-minute meal periods without clocking out, Defendants' supervisors instruct these workers not to manually clock out for their meal period, but instead instruct night shift managers to follow the timekeeping system's automated prompts to notate their meal periods. When night shift managers notate a meal period according to Defendants' instructions, the time clock deducts 30 minutes for a meal period, plus an additional 30 minutes from the night shift managers' time records. Pursuant to Defendants' policies and practices results in night shift managers losing an extra 30-minutes from their shifts for every shift worked. Plaintiff is informed and believes that these same policies and practices with regard to night shift managers is implemented throughout Defendants' stores.

**ANSWER:**

Walmart admits Plaintiff was a non-exempt, hourly-paid overnight support manager ("night manager") at a Walmart store in Hanford, California, from approximately June 2016 to March 2017. Except as expressly admitted, Walmart denies the allegations in paragraph 20.

21.   As a matter of policy, Defendants also require Plaintiff and Class members to remain on duty during their scheduled shifts, including during rest breaks. Defendants do not compensate Class members for work performed during rest periods, and do not provide Class members premium pay for missed rest breaks. Upon information and belief, Defendants' supervisors and managerial workers know and are aware that non-exempt, hourly workers routinely work through rest breaks and are not provided with premium pay for the missed rest breaks.

**ANSWER:**

Walmart denies the allegations in paragraph 21.

22.     As a result of these policies, Defendant denies Plaintiff and Class members compensation which they are lawfully owed, as well as the overtime premiums resulting from the additional off-the-clock, post-shift work.

**ANSWER:**

Walmart denies the allegations in paragraph 22.

23.     Plaintiff is informed, believes, and thereon alleges that this same security-check system is used across all Defendant's facilities throughout California.

**ANSWER:**

Walmart denies the allegations in paragraph 23.

24.     Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendants have failed to record hours that Plaintiff and Class members worked off the clock.

**ANSWER:**

Walmart denies the allegations in paragraph 24.

25.     Class members were and are employed by Defendants and performed work materially similar to Plaintiff.

**ANSWER:**

Walmart is without sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning Class member employment and therefore denies those allegations.

26.     Class members report to facilities owned, operated, or managed by Defendants to perform their jobs.

**ANSWER:**

1
2
3

Walmart is without sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning Class member employment and therefore denies those allegations.

4
5
6

27.   Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendants.

7

**ANSWER:**

8
9
10

Walmart is without sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning Class member employment and therefore denies those allegations.

11
12
13

28.   Class members are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs, including the security check requirement.

14

**ANSWER:**

15
16
17

Walmart is without sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning Class member employment and therefore denies those allegations.

18
19
20

29.   At the end of each pay period, Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and controls.

21

**ANSWER:**

22
23
24

Walmart is without sufficient knowledge or information to form a belief as to Plaintiff's allegations concerning Class member employment and therefore denies those allegations.

25

30.   Defendant pays Class members on an hourly rate basis.

26

**ANSWER:**

27
28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 1:20-CV-00500-DAD-EPG

1  Walmart is without sufficient knowledge or information to form a
2  belief as to Plaintiff's allegations concerning Class member employment
3  and therefore denies those allegations.

4      31.    Upon information and belief, Class members worked more than
5  8 hours a day, and more than forty hours in at least one workweek during
6  the four years before this Complaint was filed.

10     **ANSWER:**

11     Walmart is without sufficient knowledge or information to form a
12  belief as to Plaintiff's allegations concerning Class member employment
13  and therefore denies those allegations.

14     32.    Defendants employ, or employed, thousands of people similarly
15  situated to Plaintiff during the four-year period prior to the filing of this
16  Complaint.

17     **ANSWER:**

18     Walmart admits employing thousands of workers during the four-
19  year period prior to the filing of this Complaint. Except as expressly
20  admitted, Walmart denies the allegations in paragraph 32.

21     33.    Defendants' method of paying Plaintiff and Class members was
22  willful and not based on a good faith and reasonable belief that its conduct
23  complied with California law.

24     **ANSWER:**

25     Walmart denies the allegations in paragraph 33.

26     34.    Defendants' common course of wage-and-hour abuse includes
27  routinely failing to maintain true and accurate records of the hours worked

28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 1:20-CV-00500-DAD-EPG

by Class members. In particular, Defendants failed to record hours that Plaintiff and Class members work while off the clock.

**ANSWER:**

Walmart denies the allegations in paragraph 34.

35.   Defendants' conduct is willful, is carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

**ANSWER:**

Walmart denies the allegation in paragraph 35.

## **RULE 23 CLASS ACTION ALLEGATIONS**

36.   Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 (a), (b)(2), and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

### **Class:**

All current and former hourly, non-exempt workers employed at any Wal-Mart or Sam's Club store throughout California any time starting four years prior to the filing of this Complaint until resolution of this action.

### **Night Manager Subclass:**

All current and former hourly, non-exempt overnight support managers, night shift managers, and all other employees with similar night shift job duties employed at any Wal-Mart or Sam's Club store throughout California any time starting four years prior to the filing of this Complaint until resolution of this action.

**ANSWER:**

The allegations in paragraph 36 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

13

Paragraph 36 also includes Plaintiffs' proposed class and sub-class definitions, which are not subject to admission or denial.

37.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**ANSWER:**

The allegations in paragraph 37 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

38.    <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

**ANSWER:**

Walmart admits that the it employed more than 100 non-exempt employees during the relevant time period. Except as expressly admitted, Walmart denies the remaining allegations in paragraph 38.

39.    <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

14

a.  Whether Defendants fail to compensate Class members for all hours worked, including as overtime compensation, in violation of the Labor Code and Wage Orders;

b.  Whether Defendants have a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

c.  Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the Labor Code and Wage Orders;

d.  Whether Defendants implement a policy and practice for night managers that results in night managers losing an additional 30-minutes from their recorded time;

e.  Whether Defendants fail to authorize and permit, make available, and/or provide Class members with timely rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

f.  Whether Defendants violate Business and Professions Code §§ 17200 et seq., by:

(a)  failing to compensate Class members for all hours worked, including at minimum wage and as overtime compensation;

(b)  failing to pay Class members minimum wage for all hours worked;

(c)  failing to authorize and permit, make available, and/or provide Class members with timely rest periods to which they are entitled; and

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    (d)    failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members.

    g.    Whether injunctive relief is appropriate with respect to Defendants' actions towards the Class members as a whole;

    h.    The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

**ANSWER:**

Walmart denies the allegations in paragraph 39.

40.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the California Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

**ANSWER:**

Walmart denies the allegations in paragraph 40.

41.   <u>Adequacy of Representation</u>: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

**ANSWER:**

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

CASE NO.: 1:20-CV-00500-DAD-EPG

1  Walmart is without sufficient knowledge or information to form a

2  belief as to the adequacy of Plaintiffs' or their counsel's representation of

3  the putative class and therefore denies the allegations in this paragraph.

4  42.  <u>Superiority of Class Action</u>: A class action is superior to other

5  available means for the fair and efficient adjudication of this controversy.

6  Individual joinder of all proposed Class members is not practicable, and

7  questions of law and fact common to the Class predominate over any

8  questions affecting only individual members of the Class. Each proposed

9  Class member has been damaged and is entitled to recovery by reason of

10  Defendants' illegal policies and/or practices. Class action treatment will

11  allow those similarly situated persons to litigate their claims in the

12  manner that is most efficient and economical for the parties and the

13  judicial system.

14  **ANSWER:**

15  Walmart denies the allegations in paragraph 42.

16  43.  In the alternative, the Class may be certified because the

17  prosecution of separate actions by the individual members of the Class

18  would create a risk of inconsistent or varying adjudication with respect to

19  individual members of the Class which would establish incompatible

20  standards of conduct for Defendants.

21  **ANSWER:**

22  Walmart denies the allegations in paragraph 43.

23  44.  If each individual Class member were required to file an

24  individual lawsuit, Defendant would necessarily gain an unconscionable

25  advantage because Defendants would be able to exploit and overwhelm the

26  limited resources of each member of the Class with Defendants' vastly

27  superior financial and legal resources.

28  **ANSWER:**

17

Walmart denies the allegations in paragraph 44.

45.   Requiring   each   individual   Class   member   to   pursue   an individual remedy would also discourage the assertion of lawful claims by the   Class   members   who   would   be   disinclined   to   pursue   these   claims against   Defendants   because   of   an   appreciable   and   justifiable   fear   of retaliation and permanent damage to their lives, careers and well-being.

**ANSWER:**

Walmart denies the allegations in paragraph 45.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to the California Labor Code § 204**
**(On Behalf of the Classes)**

46.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

Walmart similarly re-alleges, and incorporates by reference, each and every answer set forth in the previous paragraphs as if fully set forth herein.

47.   Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

**ANSWER:**

The allegations in paragraph 47 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in paragraph 47.

48.   Defendants regularly schedule Plaintiff and the putative Class members   regularly   work   shifts   of   eight   hours.   However,   Defendants intentionally and willfully require Plaintiff and the Class members to complete additional work off-the-clock. For example, Plaintiff and putative

18

Class members are required to clock out and wait in security-check lines for an average of 5-to-10 minutes before leaving the premises for every shift worked. Plaintiff and Class members are not compensated for this work. As a result, Defendants fail to pay Plaintiff and the Class members for all hours worked and fail to track their actual hours worked.

**ANSWER:**

Walmart denies the allegations of paragraph 48.

49. Labor Code section 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

**ANSWER:**

Walmart admits the allegations in paragraph 49.

50. Labor Code section 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

**ANSWER:**

Walmart admits the allegations in paragraph 50.

51. Labor Code section 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

**ANSWER:**

Walmart admits the allegations in paragraph 51.

52.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

**ANSWER:**

Walmart admits the allegations in paragraph 52.

53.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

**ANSWER:**

Walmart admits the allegations in paragraph 53.

54.     Defendants require Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendants without compensation.

**ANSWER:**

Walmart denies the allegations in paragraph 54.

55.     Moreover, Defendants' policies and practices with respect to recording meal breaks for the Night Manager Subclass leads to an improper reduction of time from the Night Manager Subclass's time records, resulting in an additional 30 minutes of uncompensated time worked for the benefit of Defendants.

**ANSWER:**

Walmart denies the allegations in paragraph 55.

56.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiff and the Class actually work or to compensate them for all hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious

20

1   disregard of the Plaintiff and the Class members' rights. Plaintiff and the
2   Class are thus entitled to recover nominal, actual, and compensatory
3   damages, plus interest, attorneys' fees, expenses, and costs of suit.

4       **ANSWER:**

5       Walmart denies the allegations in paragraph 56.

6       57.    As a proximate result of the aforementioned violations, Plaintiff
7   and the Class have been damaged in an amount according to proof at time
8   of trial.

9       **ANSWER:**

10      The allegations in paragraph 57 contain legal conclusions and/or
11  opinions that are not subject to admission or denial; to the extent a
12  response is required, Walmart denies the allegations in this paragraph.

13      58.    Wherefore, Plaintiff and the putative Class request relief as
14  hereinafter provided.

15      **ANSWER:**

16      No response to Plaintiff's prayer for relief is required.

17                    **SECOND CAUSE OF ACTION**
                      **Failure to Pay Overtime Wages**
18                    **Pursuant to Labor Code § 510**
                      **(On Behalf of the Classes)**
19

20      59.    Plaintiff re-alleges and incorporates the foregoing paragraphs
21  as though fully set forth herein.

22      **ANSWER:**

23      Walmart similarly re-alleges, and incorporates by reference, each
24  and every answer set forth in the previous paragraphs as if fully set forth
25  herein.

26      60.    Defendants do not compensate Plaintiff and Class members
27  with appropriate overtime, including time and a half and double time, as
28  required by California law.

**ANSWER:**

Walmart denies the allegations in paragraph 60.

61.    Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

**ANSWER:**

The allegations in paragraph 61 contain legal conclusions and/or opinions that are not subject to admission or denial.

62.    The IWC Wage Order 4-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and ... [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

22

1

**ANSWER:**

2

The allegations in paragraph 62 contain legal conclusions and/or

3

opinions that are not subject to admission or denial.

4

    63.    Labor Code § 1194(a) provides as follows:

5

> Notwithstanding any agreement to work for a lesser

6

> wage, any employee receiving less than the legal
> minimum wage or the legal overtime compensation

7

> applicable to the employee is entitled to recover in a
> civil action the unpaid balance of the full amount of

8

> this minimum wage or overtime compensation,
> including interest thereon, reasonable attorneys'

9

> fees, and costs of suit.

10

**ANSWER:**

11

The allegations in paragraph 63 contain legal conclusions and/or

12

opinions that are not subject to admission or denial.

13

    64.    Labor Code § 200 defines wages as "all amounts for labor

14

performed by employees of every description, whether the amount is fixed

15

or ascertained by the standard of time, task, piece, commission basis or

16

other method of calculation." All such wages are subject to California's

17

overtime requirements, including those set forth above.

18

**ANSWER:**

19

The allegations in paragraph 64 contain legal conclusions and/or

20

opinions that are not subject to admission or denial; to the extent a

21

response is required, Walmart denies the allegations in this paragraph.

22

    65.    Defendants regularly require Plaintiff and Class members to

23

work in excess of eight hours per day and/or forty hours per week, but do

24

not compensate them at an overtime rate for all of this work.

25

**ANSWER:**

26

Walmart denies the allegations in paragraph 65.

27

28

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

66.    Plaintiff and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

**ANSWER:**

Walmart denies the allegations in paragraph 66.

67.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial.

**ANSWER:**

Walmart denies the allegations in paragraph 67.

68.    Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

**ANSWER:**

The allegations in paragraph 68 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

69.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**ANSWER:**

No response to Plaintiff's prayer for relief is required.

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages
Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1
(On Behalf of the Classes)

70.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

Walmart similarly re-alleges, and incorporates by reference, each and every answer set forth in the previous paragraphs as if fully set forth herein.

71.    During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017.

**ANSWER:**

The allegations in paragraph 71 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

72.    Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock during time spent in security check lines, which is time worked that is uncompensated.

**ANSWER:**

Walmart denies the allegations in paragraph 72.

73.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class members have been deprived

25

of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

**ANSWER:**

The allegations in paragraph 73 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

74.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**ANSWER:**

No response to Plaintiff's prayer for relief is required.

**FOURTH CAUSE OF ACTION**
**Failure to Authorize and Permit and/or**
**Make Available Rest Periods**
**Pursuant to Labor Code §§ 226 and 512**
**(On Behalf of the Class)**

75.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

Walmart similarly re-alleges, and incorporates by reference, each and every answer set forth in the previous paragraphs as if fully set forth herein.

76.     Defendants regularly fail to make rest periods available to Plaintiff and Class members. Plaintiff's and Class members' schedules regularly prevent them from taking rest periods throughout the day. When available, if ever, they are often not compliant. Instead, they are generally untimely or short. Plaintiff and Class members do not receive premium pay for their missed breaks as required by California law.

**ANSWER:**

The allegations in paragraph 76 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

77.     Labor Code §§ 226.7 and 512 and the applicable Wage Orders requires Defendants to authorize and permit rest periods to their employees. Labor Code § 226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

**ANSWER:**

The allegations in paragraph 77 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

78.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

**ANSWER:**

The allegations in paragraph 78 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

79.     Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to authorize and permit

and/or make available to Plaintiff and the Class the ability to take the off-duty rest periods to which they are entitled. Defendants have also failed to pay Plaintiff and the Class one hour of pay for each off-duty rest periods that they are denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses and costs of suit.

**ANSWER:**

The allegations in paragraph 79 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

80. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

**ANSWER:**

The allegations in paragraph 80 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

81. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**ANSWER:**

No response to Plaintiff's prayer for relief is required.

## FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### Pursuant to Labor Code § 226
### (On Behalf of the Class)

82. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**ANSWER:**

Walmart similarly re-alleges, and incorporates by reference, each and every answer set forth in the previous paragraphs as if fully set forth herein.

83.    Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

**ANSWER:**

The allegations in paragraph 83 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

84.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee .... The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

**ANSWER:**

Walmart admits the allegations in paragraph 84.

85.    IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

**ANSWER:**

The allegations in paragraph 85 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

86.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

**ANSWER:**

Walmart admits the allegations in paragraph 86.

87.    Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

**ANSWER:**

No response to Plaintiff' prayer for relief is required.

88.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

**ANSWER:**

1
2
3

The allegations in paragraph 88 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

4
5
6
7
8

89.     Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

9

**ANSWER:**

10
11
12

The allegations in paragraph 89 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

13
14

90.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

15
16

**ANSWER:**

17

No response to Plaintiff's prayer for relief is required.

18
19

**SIXTH CAUSE OF ACTION**
**Violation of California Business and Professions Code**
**§§ 17200 *et seq.***
**(On Behalf of the Classes)**

20
21

91.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

22

**ANSWER:**

23
24
25

Walmart similarly re-alleges, and incorporates by reference, each and every answer set forth in the previous paragraphs as if fully set forth herein.

26
27
28

92.   California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

**ANSWER:**

The allegations in paragraph 92 contain legal conclusions and/or opinions that are not subject to admission or denial.

93.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

**ANSWER:**

The allegations in paragraph 93 contain legal conclusions and/or opinions that are not subject to admission or denial.

94.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

**ANSWER:**

Walmart admits the allegations in paragraph 93.

95.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.   violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    b.    violations of Labor Code § 510 and Wage Order 4-2001 pertaining to overtime;

    c.    violations of Labor Code §§226.7 and 512 pertaining to rest periods; and

    d.    violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

CASE NO.: 1:20-CV-00500-DAD-EPG

**ANSWER:**

The allegations in paragraph 95 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

96.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

**ANSWER:**

The allegations in paragraph 96 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

97.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

**ANSWER:**

The allegations in paragraph 97 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

98.   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent

1   Defendants from repeating the unlawful, unfair, and fraudulent business

2   acts and practices alleged above.

3       **ANSWER:**

4       The allegations in paragraph 98 contain legal conclusions and/or

5   opinions that are not subject to admission or denial.

6       99.    As a direct and proximate result of the aforementioned acts and

7   practices, Plaintiff and the Class members have suffered a loss of money

8   and property, in the form of unpaid wages which are due and payable to

9   them.

10      **ANSWER:**

11      The allegations in paragraph 99 contain legal conclusions and/or

12  opinions that are not subject to admission or denial; to the extent a

13  response is required, Walmart denies the allegations in this paragraph.

14      100.  Business and Professions Code § 17203 provides that the Court

15  may restore to any person in interest any money or property which may

16  have been acquired by means of such unfair competition. Plaintiff and the

17  Class are entitled to restitution pursuant to Business and Professions Code

18  § 17203 for all wages and payments unlawfully withheld from employees

19  during the four-year period prior to the filing of this Complaint. Plaintiff's

20  success in this action will enforce important rights affecting the public

21  interest and, in that regard, Plaintiff sues on behalf of himself as well as

22  others similarly situated. Plaintiff and putative Class members seek and

23  are entitled to unpaid wages, declaratory and injunctive relief, and all

24  other equitable remedies owing to them.

25      **ANSWER:**

26      The allegations in paragraph 100 contain legal conclusions and/or

27  opinions that are not subject to admission or denial; to the extent a

28

response is required, Walmart denies the allegations in this paragraph. No response to Plaintiff's prayer for relief is required.

101.  Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

**ANSWER:**

The allegations in paragraph 89 contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Walmart denies the allegations in this paragraph.

102.  Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**ANSWER:**

No response to Plaintiff's prayer for relief is required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class members, requests the following relief:

1.      For an order certifying the Causes of Action herein described as a class action pursuant to Federal Rule of Civil Procedure 23;

2.      Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

3.      For a declaratory judgment that Defendant violated the California Labor Code, California law, and public policy as alleged herein;

4. For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200 *et seq.* as a result of the aforementioned violations of the California Labor Code;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6. For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

7. For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

8. For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

9. For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

10. For all costs of suit;

11. For interest on any penalties awarded, as provided by applicable law; and

12.   For such other and further relief as this Court deems just and proper.

**ANSWER:**

Walmart denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Walmart, without admitting any of the allegations in Plaintiff's Complaint, sets forth below its separate and independent affirmative defenses.  Nothing herein is as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's Complaint.  Walmart incorporates its answer (as if fully set forth below) into each affirmative defense.

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that the complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that Plaintiff and any purported class or representative action members are barred from any recovery because Walmart did not act in willful disregard of any applicable laws.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that Plaintiff and any purported class or representative action members are barred from any recovery by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that Plaintiff and any purported class or representative action members are

barred from any recovery because any failure to properly compensate or provide timely rest breaks to employees was not the result of a uniform policy or practice.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that Plaintiff and any purported class or representative action members are barred from any recovery because, to the extent any compensation and/or rest breaks were owed or due, there was a reasonable good faith dispute about whether such compensation and/or rest breaks were owed or due.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that Plaintiff and any purported class or representative action members are barred from any recovery by the doctrine of avoidable consequences.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Walmart alleges that Plaintiff and any purported class or representative action members are barred from any recovery by the doctrine of estoppel.

Dated: June 15, 2020          **DUANE MORRIS LLP**


/s/Jennifer A. Kearns
Jennifer A. Kearns
Attorney for Defendant Walmart, Inc.
and Wal-Mart Associates, Inc.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT